LYMAN K. PUTNEY & another *vs.* MITCHELL D. HARDY.

Evidence that, at the time of the sale of an express which was run over the line of a railroad, the seller, having notice from the railroad corporation that on a certain day it would take back the privileges which it had allowed to expressmen over the road, in order to make such arrangements for the future as might be desirable, did not mention this to the purchaser, and represented to him that he could continue to run the express over the road, and would have no difficulty in making arrangements with the corporation for the purpose; but that the purchaser knew that the seller had no arrangement with the corporation which would prevent it from withdrawing at any time the privilege of running the express over the road; is not sufficient to sustain an action by the purchaser against the seller for false and fraudulent representations.

TORT for making false and fraudulent representations as an inducement to the plaintiffs to buy the implements, rights and good will of the defendant's business as an expressman between Boston and Framingham.

Trial in the superior court, before *Reed*, J., when it appeared that the sale was made June 2, 1865. The other evidence is stated in the opinion. The judge made certain rulings which are there stated; directed a verdict for the defendant on the

ground that the evidence did not show that his representations were false; and reported the case for revision by this court.

*A. R. Brown,* for the plaintiffs.

*T. H. Sweetser,* for the defendant.

HOAR, J. We are unable to find any just ground of exception to the rulings made at the trial of this case. The cause of action set forth in the plaintiffs' declaration is, that the defendant induced them to buy his horses, wagons, and other property described, and his interest in the express business between Boston and Framingham, by means of certain false and fraudulent representations. The court ruled, and the correctness of the ruling is not questioned by the plaintiffs' counsel, that to maintain the action it must be shown, first, that the defendant made the representations alleged; and secondly, that they were false. The false representations charged were these: that the plaintiffs could continue to run the express, and transact express business upon and over the Boston and Worcester Railroad, and would have no difficulty in making all needful arrangements with the railroad corporation for that purpose. It appeared that the defendant had no contract with the railroad corporation for the continuance of the express business for any specified time, but that the corporation at any time might deprive him of the privilege of running an express on their road; and that these facts were known to the plaintiffs at the time of the sale.

The only evidence offered of the falsity of the representations was, that the defendant had received a notice from the superintendent of the railroad, which he concealed from the plaintiffs, to this effect, " that, commencing July 1, 1865, the corporation will take back into its own hands the express privileges between Boston and Saxonville, in order to make such arrangements for the future as may be found desirable." Saxonville is the village of Framingham to which the defendant's express had run.

We can see in this notice no evidence that the railroad corporation would not have been willing to make all needful arrangements with the plaintiffs for their continuing the express business, if they had been applied to for that purpose. It certainly states nothing of the kind. It appears that the plaintiffs did not

apply, and were led to take that course by the defendant's advice, and that the right to run an express was given to other parties.   But the cause of action stated in the declaration is not the giving of bad advice, whether corruptly or unwisely; or the fraudulent concealment of the receipt of the notice.   There was no evidence whether the new arrangements which the railroad corporation proposed to make would not have been as "desirable" to the plaintiffs as to themselves, if the parties had conferred together.   It is not shown that, when the notice was given, it was in contemplation to make arrangements with any one else than the defendant or his successors by assignment.

For the reason, therefore, that the evidence had no tendency to prove that the representations charged in the declaration were false, the direction that a verdict should be returned for the defendant was rightly given to the jury.

*Judgment on the verdict.*